UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY** | CIVIL ACTION NO. |
| | SECTION " "  DIVISION " " |
| **VERSUS** | |
| | JUDGE |
| **PLC, INC. f/k/a PREMIER INDUSTRIES, INC. and PREMIER INDUSTRIES, LLC** | MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff, Zurich American Insurance Company, by way of Complaint against Defendants PLC, Inc. f/k/a Premier Industries, Inc. and Premier Industries, LLC, says:

## JURISDICTIONAL ALLEGATIONS

1.	Plaintiff, Zurich American Insurance Company (hereinafter "ZAIC"), is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York  10006, and its principal place of business located at 1400 American Lane, Schaumburg, Illinois  60196.  It is authorized to transact business and has transacted business in Louisiana.

2. Defendant, PLC, Inc. f/k/a Premier Industries, Inc. ("PLC"), is a corporation organized under the laws of the State of Louisiana with its principal place of business at 850 Engineers Road, Belle Chasse, Louisiana 70037.

3. Defendant, Premier Industries, LLC ("Premier"), is a limited liability company organized under the laws of the State of Louisiana with its principal place of business at 308 Haliburton Road, Venice, Louisiana 70091 (hereinafter, PLC and Premier shall be referred to collectively as "Defendants").  Upon information and belief, Premier is a corporate successor and/or alter ego of PLC.

4. The amount in controversy between the parties is in excess of $75,000.

5. Jurisdiction is based on diversity of citizenship under 29 U.S.C. § 1332.

## GENERAL ALLEGATIONS

6. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. ZAIC issued a policy of workers' compensation insurance to PLC under Policy No. WC 6692931-01 for the effective dates of October 20, 2011 to October 20, 2012 (the "Policy").

8. The Policy is an insurance contract which provides insurance coverage for certain liabilities of Defendants as set forth in the Policy in exchange for premiums.

9. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policy.

10. Pursuant to the terms of the Policy, the initial premiums were based on information submitted by PLC and/or its insurance broker regarding PLC's estimated payroll for the effective dates of coverage.

11. Since the initial premiums are based on estimated information, the Policy is subject to audit based on the actual payroll during the effective dates of coverage. The audits can result in additional or return premiums.

12. The audit of the Policy produced additional premiums of $170,048 owed by PLC to ZAIC.

13. ZAIC issued invoices and/or demands for the payment of the additional audit premiums to PLC and/or its insurance broker in a timely fashion.

14. PLC failed and refused to remit payment of the $170,048 owed to ZAIC.

15. PLC has failed, refused and continues to refuse to remit payment of the $170,048 owed to ZAIC pursuant to the terms of the Policy.

16. ZAIC has repeatedly demanded payment of the $170,048 owed by PLC to ZAIC and attempted to collect same without success.

17. PLC, therefore, remains indebted to ZAIC in the amount of $170,048 due to its failure and refusal to remit payment of audit premiums.

18. PLC has failed, refused, and continues to refuse to pay the balance due and owing to ZAIC, thereby resulting in damages to ZAIC in the amount of $170,048.

## COUNT ONE
### Breach Of Contract Against PLC

19. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. PLC agreed to remit payment of premiums, including audit premiums, in consideration for ZAIC's provision of insurance coverage to PLC.

21. PLC has failed and refused to remit payment of $170,048 owed to ZAIC pursuant to the terms of the Policy.

22.	PLC has breached the insurance contract between the parties by its failure to remit payment of the audit premiums which it owes to ZAIC.

23.	As a result of PLC's breach of the insurance contract, ZAIC has suffered damages in the amount of $170,048, plus interest, attorneys' fees and costs.

**WHEREFORE**, ZAIC demands judgment against PLC in the amount of $170,048 for compensatory damages, together with attorneys' fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### Unjust Enrichment Against PLC

24.	ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.	ZAIC has provided insurance coverage and related services to PLC for which PLC has refused to pay.

26.	PLC has been unjustly enriched by the receipt of such coverage and services to ZAIC's detriment.

27.	ZAIC has repeatedly demanded that PLC remit payment of the amounts due and owing to ZAIC.

28.	PLC has failed, refused and continues to refuse to pay the balance due and owing to ZAIC, thereby resulting in damages to ZAIC in the amount of $170,048, plus interest, attorneys' fees and costs.

**WHEREFORE**, ZAIC demands judgment against PLC in the amount of $170,048 for compensatory damages, together with attorneys' fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### Account Stated Against PLC

29.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     PLC, being indebted to ZAIC upon accounts stated between them, and having acknowledged such debt, promised to pay ZAIC upon demand.

31.     ZAIC has repeatedly demanded that PLC remit payment for the amounts owed by PLC to ZAIC.  PLC, however, has failed and refused to remit payment.

32.     PLC's failure and refusal to pay the acknowledged $170,048 balance due and owing to ZAIC has caused ZAIC to suffer damages in the amount of $170,048, plus interest, attorneys' fees and costs.

**WHEREFORE**, ZAIC demands judgment against PLC in the amount of $170,048 for compensatory damages, together with attorneys' fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT FOUR
### De Facto Merger Against Premier

33.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 32 as if fully set forth herein.

34.     Upon information and belief, Premier is an extension of the enterprise of PLC, so that there is a continuity of management, personnel, assets and general business operations.

35.     Upon information and belief, there is a continuity of shareholders and/or ownership between Premier and PLC.

36.     Upon information and belief, PLC conveyed its assets to Premier without valuable consideration.

37. As a result, Premier should be deemed liable for all of PLC's obligations to ZAIC.

38. The wrongful conduct of Premier and PLC has directly and proximately caused damages to ZAIC in the amount of $170,048, plus interest and attorneys' fees and costs.

**WHEREFORE**, ZAIC demands judgment against Premier, holding Premier jointly and severally liable to ZAIC for the payment of damages in the amount of $170,048, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT FIVE
### Successor Liability Against Premier

39. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 38 as if fully set forth herein.

40. Upon information and belief, PLC and Premier possess an identity of ownership and there exists a complete identity of objects, assets, shareholders and directors between these defendants.

41. Upon information and belief, Premier has assumed the assets of PLC to avoid liability to ZAIC.

42. As a result, Premier is a continuation of PLC and should be deemed liable for all of PLC's obligations to ZAIC.

43. The wrongful conduct of PLC and Premier has directly and proximately caused damages to ZAIC in the amount of $170,048, plus interest and attorneys' fees and costs.

**WHEREFORE**, ZAIC demands judgment against Premier, holding Premier jointly and severally liable to ZAIC for the payment of damages in the amount of $170,048, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

Respectfully submitted,

**PHELPS DUNBAR LLP**


*/s/ Katie Whitman Myers*
Katie Whitman Myers, Bar No. 32771
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:	504-566-1311
Facsimile:	504-568-9130
E-Mail:	katie.myers@phelps.com

**ATTORNEYS FOR PLAINTIFF,
ZURICH AMERICAN INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 9, 2014, I electronically filed the foregoing Complaint with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Katie Whitman Myers*
Katie Whitman Myers, Bar No. 32771